# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Viral DRM, LLC,

        Plaintiff,

Case No:

v.

Charles J. Kirk,

        Defendant.

_____/

# COMPLAINT

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Charles J. Kirk ("*Defendant*") states and alleges as follows:

# INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

2. Plaintiff owns the rights to a video of a red Chevy pickup truck driving through a tornado in Texas (the "Video"), which Plaintiff licenses for various uses including online and print publications.

3. Upon information and belief, Defendant is a radio talk show host and the host of The Charlie Kirk Show podcast (the "*Podcast*").

4. Upon information and belief, Defendant operates a social media

1

account on rumble.com known as The Charlie Kirk Show (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Viral DRM, LLC is an Alabama Limited Liability Company and maintains its principal place of business in Talladega County, Alabama.

7. On information and belief, defendant Charles J. Kirk, is an individual who is a resident of the State of Florida with a principal address of 775 Longboat Club Road, Longboat Key in Manatee County, Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal residence in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant resides, does business in, and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

# FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

11.    Plaintiff herein creates videos and purchases and owns the rights to various videos which Plaintiff licenses for various uses including online and print publications.

12.    Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14.    Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15.    On March 21, 2022, Ronald Emfinger authored the Video. For reference purposes, a copy of a still image from the Video is attached hereto as Exhibit 1.

16.    In creating the Video, Mr. Emfinger personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the Video.

17.    Plaintiff subsequently acquired the rights to the Video by way of written agreement.

18. Plaintiff acquired the rights to the Video for purposes of commercially licensing the Video.

19. On April 22, 2022, the Video was registered by the USCO under Registration No. PA 2-354-516.

20. Plaintiff commercially licensed the Video to third party media companies for the purpose of display and/or public distribution.

B. **Defendant's Infringing Activity**

21. Defendant is the owner of the Account and is responsible for its content.

22. Defendant is the operator of the Account and is responsible for its content.

23. The Account is a part of and used to advance Defendant's commercial enterprise, including but not limited to, the Podcast.

24. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

25. Defendant uses the Account to promote his Podcast and draw traffic to his website and social media accounts.

26. On or about March 22, 2022, Defendant displayed the Video on the Account at URL https://rumble.com/vy6s5q-tornado-allert-watch-the-red-truck.html. A copy of a screengrab of the Account including the Video is attached hereto as Exhibit 2.

27. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video on the Account.

28. Plaintiff first observed and actually discovered the Infringement on July 29, 2022.

29. On information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

30. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

31. The Infringement is an exact copy of the crucial segment of Plaintiff's original Video that was directly copied and displayed by Defendant on the Account.

32. On information and belief, Defendant takes an active and pervasive role in the content posted on the Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images and/or videos including but not limited to Plaintiff's Video.

33. On information and belief, the Video was willfully and volitionally

posted to the Account by Defendant.

34. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

36. On information and belief, Defendant monitors the content on its Account.

37. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38. On information and belief, the Infringement increased traffic to the Account as well as to Defendant's website and other social media accounts and, in turn, caused Defendant to realize an increase its Podcast listeners and revenues.

39. On information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

40. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41. Defendant's use of the Video harmed the actual market for the Video.

42. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

43. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

44. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

45. The Video is an original, creative work in which Plaintiff owns valid copyrights.

46. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

47. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

50. On information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

   f. for any other relief the Court deems just and proper.

DATED: April 12, 2023

         **SANDERS LAW GROUP**

         By:  */s/ Craig B. Sanders*
         Craig B. Sanders, Esq. (Fla. Bar 985686)
         333 Earle Ovington Blvd, Suite 402
         Uniondale, NY 11553
         Tel: (516) 203-7600
         Email: csanders@sanderslaw.group
         File No.: 126765

         *Attorneys for Plaintiff*